UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 10-01633-JVS(RZx)     Date  January 18, 2012

Title  Wells Fargo Bank, N.A., et al. v. Kirk Heintz, et al.

Present: The Honorable  James V. Selna

Karla J. Tunis                               Not Present
Deputy Clerk                                Court Reporter

Attorneys Present for Plaintiffs:        Attorneys Present for Defendants:
Not Present                                Not Present

**Proceedings:**  (IN CHAMBERS) Order Granting Plaintiff Wells Fargo's Motion for Partial Summary Judgment to Cancel Instruments and to Quiet Title in its Name (fld 11-22-11)

This action arises out of the sale of a residence at a trustee's sale, and competing claims to that property. The Plaintiff, a foreclosing mortgage company, seeks to quiet title to the property. Presently before the Court is its Motion for Partial Summary Judgment (Docket No. 41), which seeks an order cancelling certain recorded documents and quieting title to the property. As set forth herein, the Court grants the Motion for Partial Summary Judgment.

I.    Factual Background

The material facts are uncontroverted.

As noted below, Wells Fargo asks the Court to take judicial notice of certain publicly recorded documents, which it does. Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (courts may judicially notice public documents).

On August 16, 2007 World Savings Bank FSB ("World Savings Bank")[1] loaned Defendant Kirk Heintz ("Heintz") $1,317,600.00 ("the loan") to refinance a residence. (Hernandez ¶ 3; Heintz Depo. (attached to Kent Decl. (Docket No. 50) as Ex. A) at 67-

---

[1] Plaintiff Wells Fargo Bank, N.A. ("Wells Fargo") is the successor by merger to World Savings, which prior to the merger was also known as Wachovia Mortgage FSB ("Wachovia"). (Id. ¶ 4.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 10-01633-JVS(RZx) | Date | January 18, 2012 |
|---|---|---|---|
| Title | Wells Fargo Bank, N.A., et al. v. Kirk Heintz, et al. | | |

68.) The loan was secured by a deed of trust, recorded August 24, 2007, on the real property at issue in this action ("the Property").[2] (Hernandez Decl. Ex. B.)

Thereafter, Heintz defaulted on the loan, and on July 6, 2009, Wachovia recorded a Notice of Default and Election to Sell Under Deed of Trust. (Hernandez Decl. ¶ 6 & Ex. D.) At no time did Heintz ever cure his default. (Id. ¶ 7.) A Notice of Trustee's Sale was recorded October 13, 2009, and a sale was eventually completed on August 20, 2010,[3] and the Trustee's Deed Upon Sale recorded on August 30, 2010.[4] (Id. ¶ 6 & Exs. E & F.)

After the time of the recordation of the Notice of Trustee's Sale, but before the sale or its recordation, on April 28, 2010, another Deed of Trust as security for a $1.5 million loan (dated April 22, 2010) was recorded on the Property. (Request for Judicial Notice (Docket No. 42) ("RJN") at ¶ 1 & Ex. A.) The April 22, 2010, Deed of Trust names Todd Smith, an individual, as the lender and beneficiary, and lists an address in San

---

[2] Defendant Golden West Capital, LLC ("Golden West") purports to dispute that Heintz signed the deed of trust; however, an examination of the testimony cited in support thereof is equivocal. (See Objections (Docket No. 49) at 2 (citing Heintz Depo. at 67-68).) Rather than testifying that he did not sign the deed of trust, Heintz merely testifies that he cannot identify whether the signature is his or not, and that he cannot remember whether he signed a deed of trust in connection with the 2007 refinance of his residence. (Id.) He acknowledges that the signature is similar to his, but states that it is missing the middle initial "J", which he usually includes, and that it appears more "jagged" than his signature usually appears. (Id.) In short, rather than "refut[ing] . . . that he signed the Deed of Trust provided by Wells Fargo," Obj. at 2, Heintz' testimony merely establishes he simply cannot say one way or another whether he signed the deed of trust, Heintz Depo. at 68. Specifically, in answer to the question of whether he signed a deed of trust in connection with the 2007, Heintz responded: "I would imagine so. I can't remember, but I would imagine so or they wouldn't have refinanced my house." (Id.)

[3] Golden West purports to dispute the fact of the sale; however, in essence, Golden West's argument addresses a legal conclusion advanced by Wells Fargo. (See Objections at 2.) Specifically, the fact proffered by Wells Fargo is that "[a] trustee's sale was properly conducted on August 20, 2010, and a trustee's deed upon sale . . . was recorded on August 30, 2010." (Stmt. Uncontroverted Facts (Docket No. 41) ¶ 6.) Whether the sale was "properly conducted" is conclusion of law rather than a fact. Thus, the Court's statement of facts set forth above, merely note the uncontroverted facts stripped of conclusions of law.

[4] The Notice of Trustee's Sale specified an October 28, 2009, sale date. (Hernandez Decl. Ex. E.) It is unclear on the present record why the sale did not take place until nearly ten months later.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 10-01633-JVS(RZx)                                        Date   January 18, 2012

Title   Wells Fargo Bank, N.A., et al. v. Kirk Heintz, et al.

Diego, California.  (Id.)

      Shortly after the April 22, 2010, Deed of Trust was recorded, a number of additional documents were recorded, and they may be summarized as follows:

| Document | Document Date | Recordation Date | Evidentiary Support |
|---|---|---|---|
| A forged[5] Rescission of Notice of Default, purporting to rescind the July 7, 2009, Notice of Default on the 2007 Deed of Trust. | 05/03/2010 | 05/03/2010 | (RJN Ex. B; Copeland Decl. ¶ 2.) |
| A forged Substitution of Trustee and Deed of Reconveyance, purporting to reconvey the Property to Heintz.  The notary that attested to the signature on this document is Todd J. Smith, a notary public in San Diego County, California.[6] | 04/30/2010 | 05/07/2010 | (RJN Ex. C; Hernandez Decl. ¶¶ 7-8.) |
| A Grant Deed, purporting to convey the Property from Heintz to Golden West Capital.[7] | 08/04/2010 | 08/16/2010 | (RJN Ex. D.) |

---

     [5]  Golden West does not challenge Wells Fargo's characterization of the documents as forged. Wells Fargo has presented evidence that the documents bear the signatures of named (but otherwise unknown) real or fictitious individuals who were not authorized to sign on behalf of the entities they purport to represent.

     [6]  As noted above, the beneficiary of the April 22, 2010, Deed of Trust is Todd Smith of San Diego, California.  (RJN Ex. A.)

     [7]  Wells Fargo does present evidence that the Grant Deed is forged; rather, it contends that because it is based on forged documents, it is void.  (See Stmt. of Facts ¶ 15.)  Predictably, Golden West objects to this proffered fact, which is more properly characterized as a conclusion of law.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 10-01633-JVS(RZx) | Date | January 18, 2012 |
| Title | Wells Fargo Bank, N.A., et al. v. Kirk Heintz, et al. | | |

II.   <u>Summary Judgment Standard</u>

     Summary judgment is appropriate only where the record, read in the light most favorable to the nonmoving party, indicates that "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); <u>see also</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323-24 (1986). Summary adjudication, or partial summary judgment "upon all or any part of a claim," is appropriate where there is no genuine issue of material fact as to that portion of the claim. Fed. R. Civ. P. 56(a), (b); <u>see also</u> <u>Lies v. Farrell Lines, Inc.</u>, 641 F.2d 765, 769 n.3 (9th Cir. 1981) ("Rule 56 authorizes a summary adjudication that will often fall short of a final determination, even of a single claim . . . .") (internal quotation marks omitted).

     Material facts are those necessary to the proof or defense of a claim, and are determined by reference to substantive law. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." <u>Celotex</u>, 477 U.S. at 322. A fact issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." <u>Anderson</u>, 477 U.S. at 248. To demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . [T]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586-87 (1986) (internal quotation marks and citations omitted). In deciding a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." <u>Anderson</u>, 477 U.S. at 255. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. <u>See</u> <u>Richards v. Nielsen Freight Lines</u>, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), <u>aff'd</u>, 810 F.2d 898, 902 (9th Cir. 1987).

     The burden initially is on the moving party to demonstrate an absence of a genuine issue of material fact. <u>Celotex</u>, 477 U.S. at 323. If the moving party meets its burden, then the nonmoving party must produce enough evidence to rebut the moving party's claim and create a genuine issue of material fact. <u>See id.</u> at 322-23. If the nonmoving party meets this burden, then the motion will be denied. <u>Nissan Fire & Marine Ins. Co. v. Fritz Co., Inc.</u>, 210 F.3d 1099, 1103 (9th Cir. 2000).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 10-01633-JVS(RZx)                                    Date   January 18, 2012

Title   Wells Fargo Bank, N.A., et al. v. Kirk Heintz, et al.

III.   Cancellation of Documents

   Wells Fargo seeks cancellation of the documents referenced in tabular format, *supra*. Specifically, Wells Fargo seeks cancellation of (1) the May 3, 2010, Notice of Rescission of Notice of Default ("the Rescission") because it is a forgery, (2) the May 7, 2010, Substitution of Trustee and Reconveyance ("the Reconveyance") because it is a forgery, and (3) the August 16, 2010, Grant Deed to Golden West because it is based on forged documents.

   Golden West does not challenge Wells Fargo's characterization of the documents as forged documents, and it appears to the Court that they may be fairly characterized as such. Forgery, as prohibited by California criminal law, is "either . . . the false making or alteration of a document without authority or the uttering (making use) of such a document with the intent to defraud." People v. McKenna, 11 Cal.2d 327, 332 (Cal. 1938). A document is forged where, when taken on its face, the document, "will have the effect of defrauding one who acts upon it as genuine." Id. at 332-33. The Rescission and the Reconveyance fall within this definition.

   California law authorizes courts to cancel void or voidable written instruments where their continued existence creates "a reasonable apprehension [of] serious injury to a person against whom [the written instrument] is void or voidable." Cal. Civ. Code § 3412. Here, Golden West asserts a claim adverse to Wells Fargo's interest in the Property, and Golden West's claim is dependent upon the validity of the Rescission and the Reconveyance.[8] Therefore, so long as the Rescission and the Reconveyance or void or voidable, the Court may cancel them pursuant to § 3412.

   Forged documents in a chain of title are *void ab initio*. Wutzke v. Bill Reid Painting Service, Inc., 151 Cal.App.3d 36, 43 (1984) (collecting cases); see also Firato v. Tuttle, 48 Cal.2d 136, 139 (Cal. 1957) (describing a forged deed as "wholly void").

   Thus, the uncontroverted facts establish that the Rescission and Reconveyance were void from their inception, and remain void now. Accordingly, the Court cancels

---

   [8] This is so because Heintz had nothing to convey in the absence of the two forged documents. (See text *infra*.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 10-01633-JVS(RZx) | Date | January 18, 2012 |
|---|---|---|---|
| Title | Wells Fargo Bank, N.A., et al. v. Kirk Heintz, et al. | | |

them pursuant to Cal. Civ. Code § 3412.

The August 16, 2010, Grant Deed also clearly falls into the category of documents that create "a reasonable apprehension [of] serious injury to" Wells Fargo. Cal. Civ. Code § 3412. Thus, so long as the instrument is void or voidable, it may be cancelled as well.

Because there was no valid reconveyance to Heintz, he had no interest in the Property to convey to Golden West. It is axiomatic that one cannot validly convey an interest in property that one does not own. See Wutzke, 151 Cal.App.3d 36, 44 (1984) ("This elementary legal principle makes clear the validity of the title of a subsequent purchaser or encumbrancer depends upon the validity of his grantor's title."). Thus, the Grant Deed purporting to convey the Property to Golden West was likewise void.[9] See Wutzke, 151 Cal.App.3d at 43. Therefore, the Court cancels the Grant Deed as well.

IV. Quiet Title

California law authorizes claims "to establish title against adverse claims to real . . . property." Cal. Code Civ. P. § 760.020.

Under certain circumstances, the interests of *bona fide* purchasers for value may be protected; however, those interests are not protected when the basis for their claim to superior title is void. Wutzke, 151 Cal.App.3d at 43; cf. Schiavon v. Arnaudo Brothers, 84 Cal.App.4th 374, 378 (2000) (*bona fide* purchaser protected where instrument was merely voidable, and not void). Here, not only has the Court has found that the documents upon which the Grant Deed is premised are void *ab initio*, the Court has found that the Grant Deed is itself void *ab initio*. These documents, even though recorded, were and are legal nullities, having no effect and conferring no legal rights. See Wutzke, 151 Cal.App.3d at 44 n.4 ("It is of no consequence that the forged reconveyance document was recorded."),

Disregarding the cancelled documents, when the uncontroverted facts regarding the chain of title are examined, it becomes clear that title to the Property must be quieted to

---

[9] As explained *infra*, Golden West's contention that it is a *bona fide* purchaser for value does not salvage its claim to the Property.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 10-01633-JVS(RZx) | Date | January 18, 2012 |
| Title | Wells Fargo Bank, N.A., et al. v. Kirk Heintz, et al. | | |

Wells Fargo.

Golden West's arguments neither counsel nor compel a contrary conclusion.

Golden West first questions the validity of the original deed of trust, dated August 24, 2007, which conferred the power of sale on Wells Fargo. (Opp'n at 8.) Although Golden West contends that Heintz testified that he did not sign the deed of trust, as discussed above, that testimony is equivocal at best, evidencing only that Heintz cannot recall one way or another. Thus, the evidence offered by Wells Fargo and authenticated by its custodian of records stands uncontroverted. Moreover, although reserving the issue of whether a particular document attached to the Complaint was the actual one he signed, Heintz' Answer admits that he signed a deed of trust in favor of Wells Fargo to secure the loan.

Golden West also makes an argument based the fact that the Trustee's Sale was conducted on a date ten months after the date noticed in the original Notice of Trustee's Sale. (Opp'n at 6.) Specifically, Golden West contends that there is no evidence that Wells Fargo complied with Cal. Civ. Code § 2924g(d), which requires public notice of postponement of a trustee's sale. Id. ("The notice of each postponement and the reason therefor shall be given by public declaration by the trustee at the time and place last appointed for sale."). Although there is no evidence on this point in the present record, it is not material. The remedy for irregularities in the non-judicial sale process is the setting aside of the sale, but this remedy requires the complaining party to show that it suffered prejudice as a result of the deficiencies. Aceves v. U.S. Bank, N.A., 192 Cal.App.4th 218, 232 (2011). Golden West has not shown such prejudice. On the present record, it is evident that any injury suffered by Golden West is the result of the forged documents, not because of any irregularities in the foreclosure process.

Moreover, assuming the Court agreed that setting aside the sale was an appropriate remedy, that remedy would not enure to Golden West's benefit. Once the cancelled documents are disregarded, Golden West has no recorded claim to the Property. Instead, prior to the sale, by virtue of the August 24, 2007 Deed of Trust, Wells Fargo was the beneficial owner of the property; after the sale, Wells Fargo repurchased the property at the sale. (See Hernandez Decl. Exs. B & F ("The Grantee herein WAS the foreclosing beneficiary.") Thus, even if the Court were to set aside the sale (which it does not),

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 10-01633-JVS(RZx) | Date | January 18, 2012 |
|---|---|---|---|
| Title | Wells Fargo Bank, N.A., et al. v. Kirk Heintz, et al. | | |

Wells Fargo would still possess valid title.[10]

     Golden West also argues the use of a stamp on the Trustee's Deed of Sale somehow evidences Wells Fargo's knowledge that the trustee's sale was invalid. (Opp'n at 7.) The stamp, apparently used not by Wells Fargo but by the Trustee, NDExWest L.L.C., states: "This instrument is being recorded as an ACOMMODATION ONLY, with no Representation as to its effect upon title." (Hernandez Decl. Ex. F.) There is no reason to infer a party's knowledge of the potential for liability from another's party's routine disclaimer of indemnity. In any event, Golden West's preferred remedy, the setting aside of the sale, is improper, as noted previously, because it cannot show prejudice as a result of any claimed irregularity in the foreclosure process.

     Golden West suggests that Heintz was free to convey the Property to third party without regard to Wells Fargo's encumbrance. (Opp'n at 8.) This is simply an untenable proposition of law.

     Finally, Golden West faults Wells Fargo for not examining the chain of title, discovering the forged documents, and thereafter somehow protecting the rights of Golden West. (See Opp'n at 9-10.) Specifically, Golden West contends that Wells Fargo is estopped from claiming title to the Property because it was negligent in failing to discover the fraudulent documents. (Id.) However, there is no legal authority suggesting that a mortgage company has an on-going, post-funding duty to investigate whether its mortgagee engaged in criminal or fraudulent activity in connection with the mortgaged property in a manner that might adversely affect the interests of unrelated third parties. Absent more specific authority, the Court is inclined to follow the more general rule noted by Well Fargo, that generally there is no duty to discover or warn of the unforeseeable fraud of others. See Kane v. Hartford Accident and Indemnity Co., 98 Cal.App.3d 350, 260 (1979).

     The uncontroverted facts establish that Wells Fargo took a security interest in the Property by a Deed of Trust that empowered it to conduct a non-judicial sale upon default. That Heintz defaulted and did not cure that default is uncontroverted. Wells

---

[10] This conclusion merely reinforces the conclusion that Golden West was not prejudiced by any irregularities in the foreclosure process and that it was instead harmed by the fraudulent documents that the Court has ordered cancelled.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 10-01633-JVS(RZx) | Date | January 18, 2012 |
| Title | Wells Fargo Bank, N.A., et al. v. Kirk Heintz, et al. | | |

Fargo exercised its right of sale, and repurchased the Property itself.  The documents upon which Golden West relies to claim title are void, and they have been cancelled by this Order.  No other competing claims are present.  Therefore, the Court quiets title to the Property in Wells Fargo.

V.      Conclusion

The Court grants the Motion for Partial Summary Judgment.

**IT IS SO ORDERED.**

|  | : | 00 |
|---|---|---|
| Initials of Preparer | kjt | |