1  JOHN P. GODSIL (BAR NO. 174356)
   john.godsil@ffslaw.com
2  TERRY J. KENT (BAR NO. 248098)
   terry.kent@ffslaw.com
3  FREEMAN, FREEMAN & SMILEY, LLP
   1888 Century Park East, Suite 1900
4  Los Angeles, California 90067
   Telephone:  (310) 255-6100
5  Facsimile:  (310) 255-6200

6  Attorneys for Defendant/Cross-
   Complainant GOLDEN WEST CAPITAL,
7  LLC, Trustee of the Marana 16 Trust

8

9              UNITED STATES DISTRICT COURT

10       CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

11

12  Wells Fargo Bank, N.A., successor by       Case No. SACV10-01633 JVS (RZx)
    merger to Wells Fargo Bank Southwest,
13  NA, formerly known as Wachovia            [Assigned to the Hon. James V. Selna]
    Mortgage, FSB, formerly known as
14  World Savings Bank, FSB,                   **CROSS-CLAIMANT GOLDEN
                                               WEST CAPITAL'S REQUEST TO
15                          Plaintiff,         ENTER DEFAULT AS TO CROSS-
                                               DEFENDANT LARRY TODT**
16         v.

17  KIRK HEINTZ, an individual; LARRY
    TODT, an individual, TODD J. SMITH,
18  an individual; TODD SMITH, an
    individual; CARL WALLACE, an
19  individual; GOLDEN WEST
    CAPITAL, TRUSTEE OF THE
20  MARANA 16 TRUST, an entity whose
    form is unknown; and all persons
21  unknown claiming any legal or
    equitable right, title, estate, lien or
22  interest in the real property located in
    the County of Orange, commonly
23  described as 16 Marana Street, San
    Clemente, California, 92673 which
24  claim would be adverse to plaintiff's
    title to or interest in said property; and
25  DOES 1 to 10, inclusive,

26                          Defendants.

27  GOLDEN WEST CAPITAL, LLC, a
    California limited liability company,

28

                              1

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

1 | Cross-Complainant,

2 |     vs.

3 | KIRK HEINTZ, an individual; LARRY TODT, an individual, TODD J. SMITH,

4 | an individual; CARL WALLACE, an individual; and CATHY HYDER, an

5 | individual.

6 |     Cross-Defendants

7

8 TO THE CLERK OF THE ABOVE-ENTITLED COURT:

9     Cross-Claimant Golden West Capital, LLC requests that the Clerk of the

10 above-entitled Court enter default in this matter against cross-defendant LARRY

11 TODT on the ground that he has failed to timely respond to Cross-Claimant's

12 Amended Cross-Claim as required by the Federal Rules of Civil Procedure.  Cross-

13 Claimant served its Amended Cross-Claim upon Larry Todt on June 4, 2012.

14 (Declaration of Terry J. Kent, ¶3.)  At no time has Larry Todt or anyone claiming to

15 represent Todt answered, responded, or asked for additional time in which to

16 respond.  (Declaration of Terry J. Kent, ¶5.)

17

18

19 DATED: July 27, 2012         FREEMAN, FREEMAN & SMILEY, LLP

20

21

22       By: _____

23         TERRY J. KENT
        Attorneys for Defendant/Cross-

24         Complainant GOLDEN WEST CAPITAL,
        LLC, Trustee of the Marana 16 Trust

25

26

27

28

# EXHIBIT  A

1  JOHN P. GODSIL (BAR NO. 174356)
   TERRY J. KENT (BAR NO. 248098)
2  FREEMAN, FREEMAN & SMILEY, LLP
   Suite 1900
3  1888 Century Park East
   Los Angeles, California 90067
4  Telephone: (310) 255-6100
   Facsimile: (310) 255-6297
5
   Attorneys for Defendant/Cross-Complainant
6  Golden West Capital, LLC, Trustee of the Marana
7  16 Trust

8              UNITED STATES DISTRICT COURT

9       CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

10

11 | Wells Fargo Bank, N.A., successor by      | Case No. SACV10-01633 JVS(RZx)
   | merger to Wells Fargo Bank Southwest,     |
12 | NA, formerly known as Wachovia            | **DEFENDANT GOLDEN WEST
   | Mortgage, FSB, formerly known as World    | CAPITAL, LLC'S FIRST
13 | Savings Bank, FSB,                        | AMENDED ANSWER TO WELLS
   |                                           | FARGO BANK, N.A.'S VERIFIED
14 |              Plaintiff,                    | COMPLAINT AND CROSS-
   |                                           | CLAIMS**
15 |        v.                                 |

16 | KIRK HEINTZ, an individual; LARRY         |
   | TODT, an individual, TODD J. SMITH,       |
17 | an individual; TODD SMITH, an             |
   | individual; CARL WALLACE, an              |
18 | individual; GOLDEN WEST CAPITAL,          |
   | TRUSTEE OF THE MARANA 16                   |
19 | TRUST, an entity whose form is            |
   | unknown; and all persons unknown          |
20 | claiming any legal or equitable right, title, |
   | estate, lien or interest in the real property |
21 | located in the County of Orange,          |
   | commonly described as 16 Marana Street,   |
22 | San Clemente, California, 92673 which     |
   | claim would be adverse to plaintiff's title |
23 | to or interest in said property; and DOES |
   | 1 to 10, inclusive,                       |
24 |                                           |
   |              Defendants.                   |
25 |                                           |

26 | GOLDEN WEST CAPITAL, LLC, a              |
   | California limited liability company       |
27 |                                           |
   |         Cross-Complainant                  |
28 |                                           |
   |        v.                                  |

1617698.1 22661-800

FIRST AMENDED ANSWER TO COMPLAINT AND CROSS-CLAIMS

KIRK HEINTZ, an individual; LARRY
TODT, an individual, TODD J. SMITH,
an individual; TODD SMITH, an
individual; CARL WALLACE, an
individual; and CATHY HYDER, an
individual.

Cross-Defendants

Defendant Golden West Capital, Trustee of the Marana 16 Trust ("Defendant" or "GWC") answers the Complaint of Wells Fargo Bank, N.A. ("Plaintiff" or "WFB") as follows:

## GENERAL ALLEGATIONS

1.      In response to Paragraph 1, GWC lacks information or belief sufficient to admit or deny the allegations stated in Paragraph 1.

2.      In response to Paragraph 2, GWC lacks information or belief sufficient to admit or deny the allegations stated in Paragraph 2.

3.      In response to Paragraph 3, GWC lacks information or belief sufficient to admit or deny the allegations stated in Paragraph 3.

4.      In response to Paragraph 4, GWC lacks information or belief sufficient to admit or deny the allegations stated in Paragraph 4.

5.      In response to Paragraph 5, GWC denies, generally and specifically, each and every allegation stated in Paragraph 5.

6.      In response to Paragraph 6, GWC admits the allegations stated in Paragraph 6.

7.      In response to Paragraph 7, GWC denies that it acted as an agent, servant, employee, partner or joint venturer of any other defendant in doing the things alleged in the complaint. GMC further denies that it is responsible in any manner for the damages and disputes alleged in the complaint. GWC lacks information or belief sufficient to admit or deny the remaining allegations stated in Paragraph 7.

1

2    8.    In response to Paragraph 8, GWC admits that it is a citizen of

3    California. GWC lacks information or belief sufficient to admit or deny the

4    remaining allegations stated in Paragraph 8.

5    9.    In response to Paragraph 9, GWC lacks information or belief sufficient

6    to admit or deny the allegations stated in Paragraph 9.

7    10.   In response to Paragraph 10, GWC lacks information or belief sufficient

8    to admit or deny the allegations stated in Paragraph 10.

9    11.   In response to Paragraph 11, GWC admits that a purported Notice of

10   Default was recorded with the Orange County Recorder on July 6, 2009 as document

11   number 2009000357529, and that a purported Notice of Trustee's Sale was recorded

12   on October 13, 2009 as document number 2009000539781, which are respectively

13   attached as Exhibits 2 and 3 to the Complaint. GWC lacks information or belief

14   sufficient to admit or deny the remaining allegations stated in Paragraph 11.

15   12.   In response to Paragraph 12, GWC admits that a purported Trustee's

16   Deed Upon Sale was recorded with the Orange County Recorder on August 30, 2010

17   as document number 2010000422157, which is attached as Exhibit 4 to the

18   Complaint. GWC lacks information or belief sufficient to admit or deny the

19   remaining allegations stated in Paragraph 12.

20   **FIRST CAUSE OF ACTION**

21   (Cancellation of Instruments against All Defendants)

22   13.   In response to Paragraph 13, GWC incorporates by reference Paragraph

23   1 through Paragraph 12 above, including all admissions and denials stated therein.

24   14.   In response to Paragraph 14, GWC admits that a purported Notice of

25   Rescission of Notice of Default was recorded with the Orange County Recorder on

26   May 3, 2010, as document number 2010000207042, which is attached as Exhibit 5 to

27   the Complaint. GWC lacks information or belief sufficient to admit or deny the

28   allegations stated in Paragraph 14.

1617698.1 22661-800

FIRST AMENDED ANSWER TO COMPLAINT AND CROSS-CLAIMS

1        15.     In response to Paragraph 15, GWC admits that a purported Substitution

2   of Trustee and Deed of Reconveyance was recorded with the Orange County

3   Recorder on May 7, 2010, as document number 2010000216948, which is attached

4   as Exhibit 6 to the Complaint.  GWC lacks information or belief sufficient to admit

5   or deny the remaining allegations in Paragraph 15.

6        16.     In response to Paragraph 16, GWC admits that on August 16, 2010, a

7   document entitled "Grant Deed" was recorded with the Orange County Recorder as

8   Document #2010000395758, transferring ownership of the Property from Heintz to

9   GWC, a copy of which is attached as Exhibit 7 to Plaintiff's Complaint.  Except as

10  specifically admitted, GWC denies the remaining allegations in Paragraph 16.

11       17.     In response to Paragraph 17, GWC lacks information or belief sufficient

12  to admit or deny the allegations in Paragraph 17.

13       18.     In response to Paragraph 18, GWC lacks information or belief sufficient

14  to admit or deny the allegations in Paragraph 18.

15       19.     In response to Paragraph 19, GWC lacks information or belief sufficient

16  to admit or deny the allegations in Paragraph 19.

17       20.     In response to Paragraph 20, GWC lacks information or belief sufficient

18  to admit or deny the allegations in Paragraph 20.

19       21.     In response to Paragraph 21, GWC lacks information or belief sufficient

20  to admit or deny the allegations in Paragraph 21.

21       22.     In response to Paragraph 22, GWC denies, generally and specifically,

22  that Plaintiff is entitled to any of the relief so demanded.  GWC lacks information or

23  belief sufficient to admit or deny the remaining allegations in Paragraph 22 and, on

24  that basis, denies, generally and specifically, each and every allegation stated therein.

25                        **<u>SECOND CAUSE OF ACTION</u>**

26                      (Quiet Title against All Defendants)

27       23.     In response to Paragraph 23, GWC incorporates by reference Paragraph

28  1 through Paragraph 22 above, including all admissions and denials stated therein.

24. In response to Paragraph 24, GWC admits the allegations as to GWC. Except as so admitted, GWC lacks information or belief sufficient to admit or deny the allegations as to any other defendant.

25. In response to Paragraph 25, GWC denies that its claims through the Grant Deed were extinguished at the trustee's sale. GWC lacks information or belief sufficient to admit or deny the remaining allegations in Paragraph 25.

26. In response to Paragraph 26, GWC states that Plaintiff's request speaks for itself but denies that Plaintiff is entitled to any such relief as to GWC.

27. In response to Paragraph 27, GWC denies each of the following: (a) that it had knowledge that the Reconveyance and Rescission were fabricated, fraudulent, or void; (b) that it had knowledge that no consideration was issued to Plaintiff in exchange for the Reconveyance and Rescission; and (c) that it recorded the Reconveyance and Rescission. GWC lacks information or belief sufficient to admit or deny the remaining allegations stated in Paragraph 27.

28. In response to Paragraph 28, GWC lacks information or belief sufficient to admit or deny the allegations stated in Paragraph 28. GWC states further that Plaintiff's request speaks for itself.

## THIRD CAUSE OF ACTION

### (Slander of Title against All Defendants)

29. In response to Paragraph 29, GWC incorporates by reference Paragraph 1 through Paragraph 28 above, including all admissions and denials stated therein.

30. In response to Paragraph 30, GWC denies that it recorded the Reconveyance and Rescission and denies it slandered Plaintiff's interest in the Property. GWC lacks information or belief sufficient to admit or deny the allegations in Paragraph 30 as to any other defendants. GWC denies, generally and specifically, each and every remaining allegation stated in Paragraph 30.

31. In response to Paragraph 31, GWC denies that Plaintiff has been damaged and denies Plaintiff is entitled to any relief so demanded. GWC lacks

1  information or belief sufficient to admit or deny the remaining allegations stated in
2  Paragraph 31.

3      32.    In response to Paragraph 32, GWC denies that it slandered title to the
4  Property and denies that Plaintiff is entitled to any relief so demanded.  GWC lacks
5  sufficient information or belief to form a belief as to the truth of the allegations
6  contained in Paragraph 32 as to any other defendants.

7      33.    In response to Paragraph 33, GWC denies that its acts were malicious,
8  oppressive, or fraudulent and that it acted with the intent to harm Plaintiff's interest
9  in the Property.  GWC further denies that its acts are tantamount to an attempted
10  theft of Plaintiff's interests in the Property and denies that Plaintiff is entitled to any
11  relief so demanded as against GWC.  GWC lacks sufficient information or belief to
12  form a belief as to the truth of the allegations contained in Paragraph 33 as to the
13  remaining defendants.

14                          **FOURTH CAUSE OF ACTION**
15                          (Fraud against All Defendants)

16      34.    In response to Paragraph 34, GWC incorporates by reference Paragraph
17  1 through Paragraph 33 above, including all admissions and denials stated therein.

18      35.    In response to Paragraph 35, GWC lacks sufficient information or belief
19  to form a belief as to the truth of the allegations contained in Paragraph 35.

20      36.    In response to Paragraph 36, GWC denies that it committed fraud, and
21  denies Plaintiff is entitled to any relief so demanded against GWC.  GWC lacks
22  information or belief sufficient to admit or deny the allegations stated in Paragraph
23  36 as to the remaining defendants.

24      37.    In response to Paragraph 37, GWC denies that its conduct was
25  fraudulent and malicious.  GWC further denies that Plaintiff is entitled to any relief
26  so demanded against GWC.  GWC lacks sufficient information or belief to form a
27  belief as to the truth of the allegations contained in Paragraph 37 as to the remaining
28  defendants.

1    38.    In response to Paragraph 38, GWC lacks sufficient information or belief

2  to form a belief as to the truth of the allegations contained in Paragraph 38.

3                        **FIFTH CAUSE OF ACTION**

4                (Declaratory Relief against All Defendants)

5    39.    In response to Paragraph 39, GWC incorporates by reference Paragraph

6  1 through Paragraph 38 above, including all admissions and denials stated therein.

7    40.    In response to Paragraph 40, GWC admits that an actual controversy

8  exists between Plaintiff and GWC in that Plaintiff contends that the Reconveyance

9  and Rescission are fraudulent and therefore Plaintiff's interest in the Property is

10  unimpaired, whereas GWC contends, *inter alia*, on information and belief, that its

11  interest in the Property is either free and clear of Plaintiff's interest or else superior to

12  Plaintiff's interest.  GWC lacks sufficient information or belief to form a belief as to

13  the truth of the allegations contained in Paragraph 40 as to the remaining defendants.

14    41.    In response to Paragraph 41, GWC states that Plaintiff's request speaks

15  for itself.

16    42.    In response to Paragraph 42, GWC denies, generally and specifically,

17  each and every allegation stated in Paragraph 42.

18                        **FIFTH CAUSE OF ACTION**

19                (Notary Liability against Todd J. Smith)

20    43.    In response to Paragraph 43, GWC incorporates by reference Paragraph

21  1 through Paragraph 42 above, including all admissions and denials stated therein.

22    44.    In response to Paragraph 44, GWC lacks information or belief sufficient

23  to admit or deny the allegations stated in Paragraph 44.

24    45.    In response to Paragraph 45, GWC lacks information or belief sufficient

25  to admit or deny the allegations stated in Paragraph 45.

26    46.    In response to Paragraph 46, GWC lacks information or belief sufficient

27  to admit or deny the allegations stated in Paragraph 46.

28

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

### (Failure to State a Cause of Action)

47.     The Complaint and the causes of action therein fail to state facts sufficient to constitute a cause of action against GWC.

### Second Affirmative Defense

### (Failure to Mitigate)

48.     If Plaintiff suffered any loss, damage or injury, it was directly or proximately caused by and is the result of Plaintiff's failure to mitigate any such loss, damage or injury.

### Third Affirmative Defense

### (Estoppel)

49.     Plaintiff is estopped from obtaining the relief sought, or pursuing any of the claims raised or causes of action contained in its Complaint by virtue of its acts, failure to act, conduct, representations, admissions and the like.

### Fourth Affirmative Defense

### (Laches)

50.     Plaintiff is barred from recovering the relief it seeks by way of its Complaint based on the doctrine of laches.

### Fifth Affirmative Defense

### (Unclean Hands)

51.     Plaintiff is barred from any recovery or equitable relief based on the doctrine of unclean hands.

### Sixth Affirmative Defense

### (Waiver)

52.     Plaintiff has waived its rights to the claims, causes of action and relief sought in the Complaint by virtue of its agreement, acts, failures to act, conduct, representations, admissions and the like.

Seventh Affirmative Defense

(Contributory Negligence)

53.    The damages sustained by Plaintiff, if any, are barred or Plaintiff's recovery should be diminished because the alleged damages were caused by Plaintiff's failure to exercise ordinary care.

Eighth Affirmative Defense

(Adequate Remedy at Law)

54.    Plaintiff's equitable causes of action are barred because Plaintiff has an adequate remedy at law.

Ninth Affirmative Defense

(Conduct of Third Parties)

55.    The acts alleged in Plaintiff's Complaint, occurred, if at all, as a result of the conduct of third parties as to whom GWC had no control and/or no duty to monitor or supervise.

Tenth Affirmative Defense

(Conduct of Plaintiff)

56.    The acts alleged in Plaintiff's Complaint, occurred, if at all, as a result of the conduct of Plaintiff's own willful, reckless, or negligent conduct.

Eleventh Affirmative Defense

(Indispensible Party)

57.    Plaintiff's Complaint fails to name a necessary or indispensable party and therefore there is a defect in the parties.

Twelfth Affirmative Defense

(Reservation of Rights Regarding Additional Affirmative Defenses)

58.    GWC is informed and believes, and on that basis alleges, that there may be other applicable affirmative defenses not alleged herein because of facts not yet known to GWC, and GWC reserves all of its rights to supplement and/or amend its affirmative defenses as they become known.

1    WHEREFORE, Defendant Golden West Capital, Trustee of the Marana 16

2  Trust requests judgment be entered as follows:

3       1.    That Plaintiff Wells Fargo Bank, N.A. take nothing by reason of its

4  Complaint;

5       2.    That the Complaint be dismissed, with prejudice, in its entirety;

6       3.    That judgment be entered in Defendant Golden West Capital, Trustee of

7  the Marana 16 Trust's favor on each and every purported cause of action in the

8  Complaint;

9       4.    That Defendant Golden West Capital, Trustee of the Marana 16 Trust is

10  awarded its costs of suit;

11      5.    That Defendant Golden West Capital, Trustee of the Marana 16 Trust is

12  awarded its reasonable attorneys' fees; and

13      6.    That Defendant Golden West Capital, Trustee of the Marana 16 Trust is

14  awarded such other and further relief as the Court deems just and proper.

15            **GWC'S CROSS-CLAIMS AGAINST CO-DEFENDANTS**

16                    **FIRST CLAIM FOR RELIEF**

17  **(For Contribution and Indemnification Against Kirk Heintz, Larry Todt, Todd**

18       **J. Smith, Todd Smith, Carl Wallace, Cathy Hyder, and DOES 1 to 10,**

19                              **inclusive.)**

20      1.    GWC, as its Cross-Claim against Kirk Heintz, Larry Todt, Todd J.

21  Smith, Todd Smith, Carl Wallace, Cathy Hyder, and DOES 1 through 10, inclusive,

22  (hereinafter collectively "Co-Defendants") alleges the following:

23      2.    GWC denies that Plaintiff is entitled to any of the relief so stated in the

24  complaint as against GWC.  However, should Plaintiff obtain any relief against

25  GWC, GWC is informed and believes, and thereon alleges, that Co-Defendants, and

26  each of them, are legally responsible and liable for any and all such damages or other

27  losses suffered by GWC as a result of Plaintiff's action herein.  GWC would thus be

28  entitled to indemnification from Co-Defendants, and each of them, for the

1  satisfaction of any judgment, for attorneys' fees in defending Plaintiff's action, and

2  in prosecuting this Cross-Claim, as well as related expenses incurred related thereto.

3       3.    GWC is further informed and believes, and thereon alleges, that to the

4  extent that Plaintiff obtains any relief against GWC based on the allegations of the

5  complaint, that Co-Defendants, and each of them, are legally responsible and liable

6  for the same through the acts, conduct, negligence, omissions, or fault of the Co-

7  Defendants, and each of them, and their agents and/or employees, and not due to any

8  acts, conduct, negligence, omissions, or fault on the part of GWC, its agents or

9  employees.

10       4.    If any unlawful acts, conduct, negligence, omissions, or fault occurred

11  as alleged by Plaintiff in the complaint, the acts of Co-Defendants, and each of them,

12  and their agents and/or employees constituted the sole and proximate cause of the

13  injuries and damages upon which Plaintiff's claims and purported causes of action

14  are predicated.  Therefore, if GWC's interest in the Property is ultimately injured or

15  impaired in any manner, including by loss of priority of its deed of trust due to the

16  outcome of Plaintiff's action herein, GWC is entitled to full indemnification from

17  Co-Defendants, and each of them.

18       5.    By reason of the foregoing, if Plaintiff prevails on any of its claims

19  alleged in the complaint, GWC will be entitled to full and complete indemnity from

20  Co-Defendants, and each of them, for all injury, losses and damages suffered by

21  GWC resulting from Plaintiff obtaining any of the relief set forth in its complaint.  In

22  the event that GWC is found liable in whole or in part with respect to any of the

23  claims in Plaintiff's complaint, which liability is expressly denied, GWC is entitled

24  to indemnification and/or contribution from the Co-Defendants for any such liability.

25  ///

26  ///

27  ///

28

## GWC'S SECOND CLAIM FOR RELIEF

### (For Fraud Against Kirk Heintz)

1. GWC, as its Cross-Claim against Kirk Heintz, alleges the following:

2. GWC is informed and believes, and thereon alleges, that Heintz represented to Goldenwest or its agent, Scott Haushalter, or both, on or about July 2010, that he was able and willing to transfer fee simple title to the Property.

3. Further, Heintz, in making representations regarding the state of the Property's title, intentionally failed to disclose and actively concealed other important facts, namely, that the property was possibly encumbered by Wells Fargo and that Heintz was disputing the validity of the encumbrance at the time of the sale to Goldenwest.

4. Heintz' representation was false, as the property was encumbered by a

5. Heintz made the representation recklessly and without regard for its truth.

6. Goldenwest did not know of the concealed fact that Heintz was actively seeking to invalidate Wells Fargo's rights to the Property.

7. Heintz intended to deceive Goldenwest by concealing the fact.

8. Goldenwest reasonably relied on Heintz' representation and Heintz' deception.

9. Goldenwest was harmed by its reasonable reliance upon Heintz' representation and deception.

10. Goldenwest's reliance on Heintz' representation and deception was a substantial factor in causing its harm.

Dated: March 1, 2012          FREEMAN, FREEMAN & SMILEY, LLP

By: _____
JOHN P. GODSIL
TERRY J. KENT
Attorneys for Defendant
Golden West Capital, LLC, Trustee
of the Marana 16 Trust

1617698.1 22661-800

11

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 1888 Century Park East, Suite 1900, Los Angeles, California 90067.

On March 1, 2012, I served true copies of the following document(s) described as **DEFENDANT GOLDEN WEST CAPITAL, LLC'S FIRST AMENDED ANSWER TO WELLS FARGO BANK, N.A.'S VERIFIED COMPLAINT AND CROSS-CLAIMS** on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Freeman, Freeman & Smiley, LLP's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 1, 2012, at Los Angeles, California.

Frank S. Kavelin

1617698.1 22661-800

FIRST AMENDED ANSWER TO COMPLAINT AND CROSS-CLAIMS

1

**SERVICE LIST**
**Golden West Capital LLC v. Wells Fargo Bank, et al**
**SACV11-00200 JVS (RZx)**

2

3  Christopher A. Carr
     Kirk Heintz

4  Tim G. Ceperley
     307 Calle Vallerio
  Anglin, Flewelling, Rasmussen,
     San Clemente, CA 92672

5  Campbell & Trytten LLP
     Telephone: (949) 547-5470

6  199 S. Los Robles Avenue, Suite 600
     Defendant In Pro Per
  Pasadena, CA 91101-2459
     **BY MAIL**

7  Telephone: (626) 535-1900

8  Facsimile: (626) 577-7764
  E-mail: ccarr@afrct.com

9  E-mail: tceperley@afrct.com

10  Attorneys for Defendant
  WELLS FARGO BANK, N.A.

11  **BY CM/ECF**

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED ANSWER TO COMPLAINT AND CROSS-CLAIMS

# EXHIBIT  B

| Attorney or Party without Attorney: | | | | | For Court Use Only |
|---|---|---|---|---|---|
| JOHN P. GODSIL, Bar #174356<br>FREEMAN FREEMAN & SMILEY, LLP<br>1888 CENTURY PARK EAST<br>SUITE 1900<br>LOS ANGELES, CA 90067 | | | | | |
| Telephone No: (310) 255-6100        FAX No: (310) 255-6200 | | | | | |
| Attorney for: Defendant | | | Ref. No. or File No.:<br>465715 | | |

*Insert name of Court, and Judicial District and Branch Court:*

United States District Court, Central District Of California-Southern Division

*Plaintiff:* WELLS FARGO BANK, N.A., ETC.

*Defendant:* KIRK HEINTZ, ETC. ET AL.

| **PROOF OF SERVICE**<br>AMENDED | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>SACV10-01633 JVS(RZx) |
|---|---|---|---|---|

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the DEFENDANT GOLDEN WEST CAPITAL, LLC'S FIRST AMENDED ANSWER TO WELLS FARGO BANK, N.A.,'S VERIFIED COMPLAINT AND CROSS-CLAIMS.

*3. a. Party served:*          LARRY TODT, AN INDIVIDUAL

*4. Address where the party was served:*          22337 PACIFIC COAST HWY.
                                                  SUITE 501
                                                  MALIBU, CA 90265

*5. I served the party:*
   b. **by substituted service.** On: Mon., Jun. 04, 2012 at: 4:58PM by leaving the copies with or in the presence of:
      BECKY HEATH, CLERK (SERVED UNDER CCP 415.20).
   (3) **(physical address unknown)**Usual Place of Mailing Person in charge over 18. I informed him or her of the general nature of the papers.
   (4) A declaration of mailing is attached.
   (5) Affidavit of Reasonable Diligence is attached

*7. Person Who Served Papers:*                                    Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. SARAH THOMPSON                          d. *The Fee for Service was:*
   b. **Service Provided for:**               e. I am: (3) registered California process server
      NATIONWIDE LEGAL LLC                        (i)   Independent Contractor
      1609 JAMES M. WOOD BLVD. (LA 6771)          (ii)  *Registration No.:*      6679
      LOS ANGELES, CA 90015                       (iii) *County:*               Los Angeles
   c. (213) 249-9999

*8. I declare under penalty of perjury under the laws of the State of California and under the laws of the United States Of America that the foregoing is true and correct.*
   Date: Mon, Jul. 23, 2012

Judicial Council Form                    PROOF OF SERVICE                    (SARAH THOMPSON)
Rule 2.150.(a)&(b) Rev January 1, 2007        Amended                         465715   johgod.198496

| | | | | | For Court Use Only |
|---|---|---|---|---|---|

*Attorney or Party without Attorney:*
JOHN P. GODSIL, Bar #174356
FREEMAN FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST
SUITE 1900
LOS ANGELES, CA 90067
*Telephone No:* (310) 255-6100    *FAX: No:* (310) 255-6200

*Ref. No or File No.:*
465715

*Attorney for:* Defendant

*Insert name of Court, and Judicial District and Branch Court:*
United States District Court, Central District Of California-Southern Division

*Plaintiff:* WELLS FARGO BANK, N.A., ETC.
*Defendant:* KIRK HEINTZ, ETC. ET AL.

| AFFIDAVIT OF REASONABLE DILIGENCE | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*  SACV10-01633 JVS(RZx) |
|---|---|---|---|---|

1. I, SARAH THOMPSON, and any employee or independent contractors retained by Service Provided for:  are and were on the dates mentioned herein over the age of eighteen years and not a party to this action.  Personal service was attempted on Defendant LARRY TODT, AN INDIVIDUAL as follows:

2. *Documents:*   AMENDED PROOF OF SERVICE; DEFENDANT GOLDEN WEST CAPITAL, LLC'S FIRST AMENDED ANSWER TO WELLS FARGO BANK, N.A.,'S VERIFIED COMPLAINT AND CROSS-CLAIMS.

| Day | Date | Time | Location | Results |
|---|---|---|---|---|
| Tue | 05/29/12 | 7:20pm | Business | GIVEN ADDRESS IS A MALBOX STORE. CLOSED FOR THE DAY. Attempt made by: SARAH THOMPSON, Registration #6679 Los Angeles County. Attempt at: 22337 PACIFIC COAST HWY. SUITE 501 MALIBU CA 90265. |
| Fri | 06/01/12 | 5:30pm | Business | PER CLERK SUBJECT DOES OWN ACTIVE MAILBOX # 501. Attempt made by: SARAH THOMPSON. Attempt at: 22337 PACIFIC COAST HWY. SUITE 501 MALIBU CA 90265. |
| Mon | 06/04/12 | 4:58pm | Usual Place of | Substituted Service on:  LARRY TODT, AN INDIVIDUAL Usual Place of Mailing - 22337 PACIFIC COAST HWY. SUITE 501 MALIBU, CA 90265 by Serving: party in item 3.a. Person in charge over 18  by leaving a copy of the document(s) with: BECKY HEATH, CLERK (SERVED UNDER CCP 415.20).. Served by: SARAH THOMPSON |
| Tue | 06/05/12 | | | Mailed copy of Documents to:  LARRY TODT, AN INDIVIDUAL |

3. *Person Executing*
   a. SARAH THOMPSON
   b. **Service Provided for:**
      NATIONWIDE LEGAL LLC
      1609 JAMES M. WOOD BLVD. (LA 6771)
      LOS ANGELES, CA 90015
   c. (213) 249-9999

Recoverable Costs Per CCP 1033.5(a)(4)(B)
d. *The Fee  for service was:*
e. *I am:*   (3) registered California process server
   (i)    Independent Contractor
   (ii)  *Registration No.:*        6679
   (iii) *County:*               Los Angeles

4. *I declare under penalty of perjury under the laws of the State of California and under the laws of the United States Of America that the foregoing is true and correct.*
   Date: Mon, Jul. 23, 2012

AFFIDAVIT OF REASONABLE DILIGENCE (SARAH THOMPSON)

465715.frefr.198496

| Attorney or Party without Attorney:<br>JOHN P. GODSIL, Bar #174356<br>FREEMAN FREEMAN & SMILEY, LLP<br>1888 CENTURY PARK EAST<br>SUITE 1900<br>LOS ANGELES, CA  90067<br>*Telephone No:* (310) 255-6100          *FAX No:* (310) 255-6200 | For Court Use Only |
|---|---|

| *Attorney for:* Defendant | *Ref. No or File No.:*<br>465715 |
|---|---|

*Insert name of Court, and Judicial District and Branch Court:*
United States District Court, Central District Of California-Southern Division

*Plaintiff:* WELLS FARGO BANK, N.A., ETC.

*Defendant:* KIRK HEINTZ, ETC. ET AL.

| **PROOF OF SERVICE**<br>**By Mail** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>SACV10-01633 JVS(RZx) |
|---|---|---|---|---|

1. I am over the age of 18 and not a party to this action.  I am employed in the county where the mailing occurred.

2. I served copies of the DEFENDANT GOLDEN WEST CAPITAL, LLC'S FIRST AMENDED ANSWER TO WELLS FARGO BANK, N.A.,'S VERIFIED COMPLAINT AND CROSS-CLAIMS.

3. By placing a true copy of each document in the United States mail, in a sealed envelope by **First Class** mail with postage prepaid as follows:

    a. Date of Mailing:                      Tue., Jun. 05, 2012
    b. Place of Mailing:                   LOS ANGELES, CA  90015
    c. Addressed as follows:            LARRY TODT, AN INDIVIDUAL
                                           22337 PACIFIC COAST HWY.
                                           SUITE 501
                                           MALIBU, CA  90265

4. I am readily familiar with the business practice for collection and processing of correspondence as deposited with the U.S. Postal Service on Tue., Jun. 05, 2012 in the ordinary course of business.

5. *Person Serving:*                                         Recoverable Cost Per CCP 1033.5(a)(4)(B)
    a. EDUWIGES  SENTENO
    b. Service Provided for:                       d. *The Fee for Service was:*
       NATIONWIDE LEGAL LLC              e. I am: not a registered California process server
       1609 JAMES M. WOOD BLVD. (LA 6771)
       LOS ANGELES, CA  90015
    c. (213) 249-9999

8. *I declare under penalty of perjury under the laws of the State of California and under the laws of the United States Of America that the foregoing is true and correct.*
*Date: Mon, Jul. 23, 2012*

                                                         (EDUWIGES  SENTENO)

Judicial Council Form                             PROOF OF SERVICE
Rule 2.150.(a)&(b) Rev January 1, 2007               By Mail                                 465715    johgod.198496

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 1888 Century Park East, Suite 1900, Los Angeles, California 90067.

On July 27, 2012, I served true copies of the following document(s) described as **CROSS-CLAIMANT GOLDEN WEST CAPITAL'S AMENDED REQUEST TO ENTER DEFAULT AS TO CROSS-DEFENDANT LARRY TODT** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 27, 2012, at Los Angeles, California.

Mary B. Montgomery

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

1717010.1

**SERVICE LIST**
**Golden West Capital LLC v. Wells Fargo Bank, et al**
**SACV11-00200 JVS (RZx)**

| | |
|---|---|
| Christopher A. Carr<br>Tim G. Ceperley<br>Anglin, Flewelling, Rasmussen,<br>Campbell & Trytten LLP<br>199 S. Los Robles Avenue, Suite 600<br>Pasadena, CA 91101-2459<br>Telephone: (626) 535-1900<br>Facsimile: (626) 577-7764<br>E-mail: ccarr@afrct.com<br>E-mail: tceperley@afrct.com | Attorneys for Defendant<br>WELLS FARGO BANK, N.A.<br>**BY CM/ECF** |
| Erik McLain<br>**McLain, PC**<br>650 Town Center Drive, Suite 1400<br>Costa Mesa, CA 92626<br>Telephone: (714) 656-3099<br>Facsimile: (714) 549-1997 | Attorneys for Cross-Defendant<br>CATHY HYDER<br>**BY CM/ECF** |
| Larry Todt<br>22337 Pacific Coast Highway<br>Suite 501<br>Malibu, CA 90265 | Defendant and Cross-Defendant in Pro Per<br>**BY MAIL** |
| Todd J. Smith<br>3639 Midway Dr., No. B275<br>San Diego, CA 92110 | Defendant and Cross-Defendant in Pro Per<br>**BY MAIL** |
| Kirk Heintz<br>307 Calle Vallerio<br>San Clemente, CA 92672<br>Telephone: (949) 547-5470 | Defendant and Cross-Defendant in Pro Per<br>**BY MAIL** |
| Carl Wallace<br>7629 Family Circle<br>San Diego. CA 92111-5304 | Defendant and Cross-Defendant in Pro Per<br>**BY MAIL** |

FREEMAN, FREEMAN & SMILEY, LLP<br>1888 CENTURY PARK EAST, SUITE 1900<br>LOS ANGELES, CALIFORNIA 90067<br>(310) 255-6100

1717010.1